1
2
3
4
5
6
7

FILED

14 JAN 28 AM 11: 53

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DS                              DEPUTY

8        **UNITED STATES DISTRICT COURT**

9        **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERESITA L. SALANG and JUAN L. BALADAD, | CASE NO. 13-CV-870 BEN (WVG) |
| Plaintiffs, | **ORDER REMANDING ACTION TO STATE COURT** |
| vs. | |
| CARMAX AUTO SUPERSTORES CALIFORNIA, LLC and DOES 1 through 75, Inclusive, | |
| Defendants. | |

On December 3, 2013, the Court issued an Order to Show Cause why this action should not be remanded for lack of subject matter jurisdiction. (Docket No. 11.) For the reasons stated below, this action is **REMANDED** to the Superior Court of California, County of San Diego.

### BACKGROUND

This action arises from Plaintiffs Teresita L. Salang and Juan L. Baladad's purchase of an allegedly defective 2007 Chevrolet Impala LT from Defendant CarMax Auto Superstores California LLC. On March 4, 2013, Plaintiffs filed suit in California state court. The Complaint alleges: (1) violation of the Consumers Legal Remedies Act, California Civil Code § 1750; (2) violation of Business & Professions Code § 17200; and (3) fraud and deceit. The Complaint seeks general damages, rescission of the purchase contract, incidental and consequential damages, punitive damages,

1    equitable and injunctive relief, prejudgment interest, and reasonable attorneys' fees and
2    costs. In the Statement of Actual and Punitive Damages, Plaintiffs reserved the right
3    to seek $54,000 in actual damages and $20,000 in punitive damages.

4    On April 11, 2013, Defendant removed this action under diversity jurisdiction.
5    On December 3, 2013, the Court issued an Order to Show Cause why this action should
6    not be remanded for lack of subject matter jurisdiction. (Docket No. 11.) Both parties
7    have filed responsive briefs. (Docket Nos. 12, 13.)[1]

8                                    **DISCUSSION**

9    Congress has authorized a defendant to remove a civil action from state court to
10   federal court. 28 U.S.C. § 1441. Because federal courts are courts of limited
11   jurisdiction, the removal statute is strictly construed against removal jurisdiction. *See*
12   *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Gaus v. Miles,*
13   *Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal
14   jurisdiction means that the defendant always has the burden of establishing that
15   removal is proper." *Gaus*, 980 F.2d at 566 (internal quotation marks omitted). The
16   district court must remand any action previously removed from a state court "if at any
17   time before final judgment it appears that the district court lacks subject matter
18   jurisdiction." 28 U.S.C. § 1447(c).

19   Defendant removed this action on the basis of diversity jurisdiction.
20   "Jurisdiction founded on [diversity] requires that the parties be in complete diversity
21   and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty*
22   *Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam); *see also* 28 U.S.C.
23   § 1332(a).

24   The Court will address only the amount in controversy requirement, as this issue
25   is dispositive. Diversity jurisdiction exists only "where the matter in controversy
26   exceeds the sum of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a).

27

28   _____

[1] Defendant's request for judicial notice (Docket No. 13-6) is **GRANTED**. *See*
FED. R. EVID. 201.

This amount is determined by the amount of damages or the value of the property that is the subject of the action. *Hunt v. Wash. State Apple Advertising Comm'n*, 423 U.S. 333, 347-48 (1977). "[U]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). However, "[w]hile a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." *Diefenthal v. Civil Aeronautics Bd.*, 681 F.2d 1039, 1052 (5th Cir. 1982); *Christensen v. Nw. Airlines, Inc.*, 633 F.2d 529, 530-31 (9th Cir. 1980) (upholding dismissal of action because "[i]t is clear to a legal certainty that appellant's unliquidated tort claim could not sustain a judgment of over [the jurisdictional minimum]").

When a state court complaint affirmatively alleges that the amount in controversy is less than $75,000, the party seeking removal must prove to a "legal certainty" that the threshold is met. *Tele Munchen Fernseh GMBH & Co. Produktionsgesellschaft v. Alliance Atlantis Int'l Distrib., LLC*, No. CV 13-5834, 2013 WL 6055328, at *2 (C.D. Cal. Nov. 15, 2013) (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007)). When it is unclear or ambiguous from the face of the complaint whether the jurisdictional threshold is met, however, a "preponderance of the evidence" standard applies. *Id.*

Here, Plaintiff seeks a specific amount ($74,000) in the Statement of Actual and Punitive Damages. However, the Statement of Actual and Punitive Damages does not include injunctive relief or attorneys' fees, even though injunctive relief and attorneys' fees are requested by the Complaint. Accordingly, the Complaint is ambiguous as to the total amount in controversy, meaning that the preponderance of evidence standard applies.

In the Statement of Actual and Punitive Damages, Plaintiffs reserved the right to seek $54,000 in actual damages and $20,000 in punitive damages, for a total of

1  $74,000. (Docket No. 1-1.) In regard to actual damages, however, it is not clear under

2  a preponderance of evidence standard that Plaintiffs may recover $54,000. The total

3  amount of the sale was $19,232.92. (Compl., Exh. 1.) In addition, Defendant concedes

4  that general and compensatory damages amount only to the amount of the total sale.

5  (Def. Response at 6.)  Accordingly, the Court finds that only $19,232.92 in actual

6  damages is at issue.  This brings the amount of actual and punitive damages to

7  $39,232.92.

8       In regard to attorneys' fees, if the plaintiff may recover attorneys' fees by either

9  statute or contract, the fee claim is included in the determination of the amount in

10  controversy, regardless of whether the fee award is mandatory or discretionary. *Galt*

11  *G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).  Attorneys' fees

12  incurred after the date of removal are not included in the amount in controversy. *See*

13  *Stelzer v. CarMax Auto Superstores Cal., LLC*, No. 13-CV-1788, 2013 WL 6795615,

14  at *6 (S.D. Cal. Dec. 20, 2013); *Wastier v. Schwan's Consumer Brands*, No. 07-CV-

15  1594, 2007 WL 4277552, at *3 (S.D. Cal. Dec. 5, 2007).

16       If Plaintiffs prevail, an award of attorneys' fees may be proper. CAL. CIV. CODE

17  § 1780(e).  In determining the amount of an award of attorneys' fees, this Court will

18  consider only the attorneys' fees incurred up to the time the action was removed. Mark

19  E. Edwards, Defendant's expert, estimates that the "Case Intake and Claim Generation

20  Phase" of this action—which "includes an initial meeting with the client, review of

21  documents, and generation of a complaint and a CLRA/Song-Beverly Act demand

22  letter"—required four to seven hours of junior attorney work, resulting in $1,200 in

23  attorneys' fees. (Edwards Decl. at 11.)  This estimate, however, is likely inflated, as

24  the complaint Plaintiffs filed appears to be a form complaint used for cases of this kind.

25  *Cf. Murray v. CarMax Auto Superstores Cal., LLC*, Case No. 12-CV-2966 L (MDD),

26  Docket No. 1-1 (S.D. Cal.).  Like Judge Larry Burns in *Stelzer*, the undersigned finds

27  it more likely that it took the junior associate one to three hours to complete this phase

28  of litigation, which would generate approximately $600 in attorneys' fees. *Stelzer*,

Case No. 13-CV-1788 LAB (JMA), Docket No. 18, at 10. This brings the total amount in controversy to $39,832.92.

In regard to injunctive relief, Defendant estimates that it would cost CarMax $350,000 to comply with the requested injunction. Plaintiff does not address the cost of the requested injunction. The Court finds that Defendant has greatly overestimated the cost of complying with the requested injunction, and has failed to show that the injunction is valued at more than $35,167.08—the amount needed to pass the jurisdictional threshold. *Cf. id.* (finding that CarMax's estimate of $350,000 "borders on the preposterous").

Accordingly, Defendant has failed to show that under a preponderance of evidence standard, the amount in controversy exceeds $75,000. Strictly construing the removal statute against finding jurisdiction, as *Kokkonen* requires, this Court finds that it lacks subject matter jurisdiction.

## CONCLUSION

For the reasons stated above, this action is **REMANDED** to the Superior Court of California, County of San Diego.

**IT IS SO ORDERED.**

DATED: _1/28/14_

_____
HON. ROGER T. BENITEZ
United States District Judge

13-CV-870